**Carlos MARTINEZ–NAVARRO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–74230.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2016.*

Filed April 18, 2016.

T. Anthony Guajardo, PLLC, Phoenix, AZ, for Petitioner.

Carlos Martinez–Navarro, pro se.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rachel Louise Browning, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Carlos Martinez–Navarro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") removal order denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, and review de novo claims of due process violations. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008). We deny the petition for review.

The agency did not abuse its discretion in denying Martinez–Navarro's motion for a further continuance to seek post-conviction relief where Martinez–Navarro failed to show good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause shown). Martinez–Navarro conceded removability, he had been granted three prior continuances, and post-conviction relief remained a speculative possibility at the time of his final hearing. *See Sandoval–Luna,* 526 F.3d at 1247 (the denial of a continuance was within the agency's discretion where relief was not immediately available to petitioner);

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Singh v. Holder,* 638 F.3d 1264, 1274 (9th Cir.2011) ("[T]he IJ [is] not required to grant a continuance based on ... speculations.").

To the extent Martinez–Navarro contends that the denial of a continuance violated due process by preventing him from pursuing post-conviction relief, his claim fails because he has not established error or prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.